
```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

ROSEMARY SIMMONS                                           PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:05cv28-DCB-JMR

FORD MOTOR COMPANY                                         DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on the defendant's Motion for Partial Summary Judgment [**docket entry no. 25**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

## PROCEDURAL HISTORY

On October 29, 2004, Rosemary Simmons filed this products liability lawsuit against Ford Motor Company in the Circuit Court of Adams County, Mississippi. The action was removed to this Court on February 14, 2005 [docket entry no. 1]. Ford now moves for partial summary judgment [docket entry no. 25].

## UNDISPUTED FACTS

On November 6, 2001, Rosemary Simmons, along with her son, Dr. James Simmons; her grandson, Conner Simmons; and her daughter-in-law, were preparing to leave the plaintiff's house to attend a funeral. The plaintiff was standing in the driveway next to her son's 1998 Ford Expedition which had both doors open; in fact, the plaintiff was standing between the passenger-side's door and the

vehicle itself.  Meanwhile, Ms. Simmons' two year old grandson was seated in the driver's seat of the Expedition with his father's keys.[1]  Out of the twenty keys on the keyring, Conner found the Expedition's key, placed it in the ignition, turned it from the "lock" position to the "off" position, and pulled down on the gear shift so that it went from "Park" to either "Reverse" or "Neutral."[2]  Ford Expeditions are designed so that the vehicle may be shifted out of "Park" only in two situations: (1) when the shift attempt is made while simultaneously depressing the brake, and (2) when the key has been inserted and turned to the "Off" position, the vehicle can shift from "Park" without depressing the brake. Since the parking brake was not engaged, the vehicle rolled down the driveway toward the street.  The plaintiff was swept from her feet by the vehicle's open door and dragged along the ground. Among other injuries, Ms. Simmons suffered a fractured femur from the accident.

   Ms. Simmons brought this products liability action against Ford Motor Company alleging, among other things, a failure to warn claim.  In particular, the plaintiff argues that Ford should be

---

[1] Although it is undisputed that Conner Simmons was in the driver's seat with the keys when the injury occurred, the plaintiff and her son disagree as to how two year old Conner got into the Expedition, and how he obtained access to the keys.

[2] The 1998 Ford Expedition has five key positions: (1) Accessory, (2) Lock (this is the position where the key is inserted and extracted), (3) Off, (4) On, and (5) Start.

liable for failing to warn that a 1998 Expedition can be shifted out of "Park" without depressing the brake when the key is inserted and turned to the "Off" position. Ford now moves for partial summary judgment solely on the plaintiff's inadequate warning claim.

## DISCUSSION

### I. Standard for Summary Judgment

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).[3]

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). To

---

[3] A contested fact is "material" when it has the potential to change the outcome of the case. Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id.

overcome summary judgment, the nonmoving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-movant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250. "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. Moreover, the nonmoving party must make a showing sufficient to establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law. When deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the

province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the nonmovant will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party. Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**II. FAILURE TO WARN UNDER MISSISSIPPI CODE SECTION 11-1-63**

When the Mississippi legislature promulgated the Mississippi Products Liability Act ("MPLA") in 1993, it manifested its intent to preclude common law products liability claims. Williams v. Bennett, 921 So. 2d 1269, 1273 (Miss. 2006). Accordingly, a plaintiff must use the MPLA as a roadmap when pleading and proving her claim. To ultimately prevail under the MPLA, the plaintiff must show by a preponderance of the evidence that at the time the product left the manufacturer: (1) the product was defective,[4] (2) the defect rendered the product unreasonably dangerous, and (3) the defective and unreasonably dangerous condition proximately caused the plaintiff to incur recoverable damages. Miss. Code Ann. § 11-1-63(a). Moreover, a failure to warn claim requires the plaintiff

---

[4] A product may be defective due to mismanufacture, inadequate warning, defective design, or breach of express warranty.

to additionally prove that: (1) the manufacturer knew or should have known about the danger that caused the injury, (2) the ordinary consumer would not realize this dangerous condition, and (3) any warning given was inadequate.  Miss. Code Ann. § 11-1-63(c).  To survive a Motion for Summary Judgment, the plaintiff must make a *prima facie* showing as to each of these essential elements of her products liability claim.  See Roberts v. Wal-Mart Stores, Inc., 2006 WL 2375054, *3 (S.D. Miss. August 15, 2006) (Starrett, J.).

The defendant argues that summary judgment is appropriate because the alleged inadequate warning was not the proximate cause of the plaintiff's injury.  (Mem. M. Partial Summ. J., 5.) Specifically, the defendant claims that since the plaintiff failed to read the Expedition's manual, no conceivable warning could have prevented the plaintiff's injury.  In support of this contention, the defendant cites the deposition of the plaintiff's expert, Dr. Richard Forbes.  When asked by defense counsel whether any type of warning could have prevented the accident, Dr. Forbes replied, "No."  (Mem. M. Partial Summ. J. Ex. E, Dr. Forbes Dep. 157.) Indeed, by the time the plaintiff (who was the only supervising adult) noticed that Connor had the vehicle's keys in his hand, "[t]here wasn't enough time" to attempt to take the keys from him. (Mem. M. Partial Summ. J. Ex. B, Rosemary Simmons Dep. 48.)

The plaintiff disputes the defendant's contentions and claims

that the alleged inadequate warning was the proximate cause of her injuries.  In support of this argument, the plaintiff offers additional testimony from Dr. Forbes' deposition and the sworn affidavit of Dr. Simmons.  First, the plaintiff points to the deposition testimony of Dr. Forbes.  During his deposition, Ford's counsel asked Dr. Forbes five consecutive questions concerning whether any type of warning could have prevented the plaintiff's injuries.  (Mem. Resp. M. Partial Summ. J. Ex. C, Dr. Forbes Dep. 156-57.)  The first four times he was asked, Dr. Forbes either answered the question equivocally or provided an explanation along with his answer.  The fifth time he was asked, however, Dr. Forbes gave the unequivocal response of "No," *supra*.  Two questions before this definite response, Dr. Forbes was asked, "So any warning that could've been given would've been ineffective in this case regardless, would it not have?"  (<u>Id.</u> at 156.)  Dr. Forbes responded, "Unless the parent had done something to prevent what happened."  (<u>Id.</u>)

The plaintiff's next proffer the verified statement of Dr. Simmons, which was made on the same day that the plaintiff filed her response to the defendant's Motion for Summary Judgment.  (Mem. Resp. M. Partial Summ. J. Ex. A.)  In his sworn statement, Dr. Simmons stated that he had read the Expedition's manual. Moreover, he stated that if the manual had contained an adequate warning, he would not have allowed Conner to play with his keys or to sit in

the driver's seat of the car; therefore, the inadequate warning was the proximate cause of the plaintiff's injuries.[5]  Thus, the plaintiff has provided expert testimony that the accident would have been prevented if Dr. Simmons would have "done something," and the Court is presented with Dr. Simmons' testimony that if he had been adequately warned about the Expedition's ability to shift from "Park" without the brake being depressed, he would not have allowed Conner to play with the keys.

The main thrust of the defendant's argument is that, even assuming that a "perfect" warning was given, such a warning could not have possibly stopped the accident from occurring because: (1) the plaintiff, who was the closest adult in proximity to the accident, had not read the manual, (2) Dr. Simmons was unaware that Conner was playing in the driver's seat,[6] and (3) Dr. Simmons was unaware that Conner had the keys in his possession.  If all three of these points were undisputed, the Court would be inclined to grant the defendant's Motion for Summary Judgment.  Where a genuine

---

[5] Although the Court is fully aware of the line of cases discounting an affidavit where it conflicts with a previously taken deposition, Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 220 F.3d 380, 385-86 (5th Cir. 2000), such is not the case here.  The issue of what Dr. Simmons would have done in the event of receiving an adequate warning was never touched on during his deposition.

[6] Whether Dr. Simmons knew that Conner was sitting in the driver's seat of the vehicle is disputed.  Dr. Simmons cannot remember if his son was in the vehicle, but the plaintiff unequivocally stated that Dr. Simmons placed Conner in the driver's seat.

issue of material fact exists, however, summary judgment is inappropriate.  See generally Hasty v. Trans Atlas Boats, Inc., 389 F.3d 510, 511 (5th Cir. 2004).  During his deposition, Dr. Simmons was asked by defense counsel, "Are you aware that your son -- your son had the keys to the vehicle."  Dr. Simmons answered, "Yes.  I knew he had the keys because he was playing with them, you know, jingling them around, but I didn't see him get in the vehicle."  (Mem. M. Partial Summ. J. Ex. C, Dr. James Simmons Dep. 30.)

Ford cites Palmer v. Volkswagen of America, for the proposition that a plaintiff cannot recover in a failure to warn suit where she did not read the document that contained the alleged inadequate warning.  904 So. 2d 1077, 1084 (Miss. 2005) ("The presence or absence of anything in an unread owner's manual simply cannot proximately cause a plaintiff's damages.").  The defendant reasons, "Plaintiff was the only person that knew that Conner was in the vehicle.  Therefore, she was the only person who potentially could have prevented him from overriding the brake-shift interlock system."  (Mem. M. Partial Summ. J., 5.)  At first blush, the defendant's Palmer argument seems to sound the death knell for the plaintiff's failure to warn claim.  On further examination, however, it is apparent that the plaintiff in this case was not the only person who could have prevented Conner's actions.  Dr. Simmons could have prevented Conner from moving the gear shift simply by taking the keys from the two-year-old.  Moreover, Dr. Simmons

-9-

claims to have read the owner's manual (as he was the owner), and he verified in a sworn statement that if he had received an adequate warning, he would have taken the keys from Conner. Therefore, a rational jury could find that the alleged absence of an adequate warning proximately caused the plaintiff's injuries.

## CONCLUSION

At this summary judgment juncture, the Court must view all evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Having done so, the Court denies summary judgment but recognizes that the Plaintiff may very well have difficulty in convincing a jury that the injury was proximately caused by the alleged inadequate warning and, moreover, may have difficulty in creating enough of a factual issue before resting her case. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion for Partial Summary Judgment [**docket entry no. 25**] is **DENIED**.

SO ORDERED, this the   15th   day of December, 2006.


                               s/ David Bramlette
                          UNITED STATES DISTRICT JUDGE